[No. 383.   Decided January 25, 1892.]

SEATTLE & MONTANA RAILWAY COMPANY, *Appellant*, v. CHRISTIAN JOERGENSON AND CHRISTINE JOERGENSON *Respondents.*

APPEAL—FAILURE TO FILE TRANSCRIPT—DAMAGES.

Where appellant, after notice of appeal, has failed to prepare and file a transcript within the prescribed time, and has made no effort whatever to perform the appeal, the judgment of the superior court will be affirmed on respondent's motion, and interest on the judgment and costs allowed as damages, where it does not appear from the record that the appeal was taken for delay.

*Appeal from Superior Court, Snohomish County.*

Motion by respondent to affirm the judgment of the superior court.

*L. Hulsether*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The record in this case shows that the respondents obtained judgment in the superior court of Snohomish county, State of Washington, on the 17th day of January, 1891, against appellant, which judgment was appealed from.  On January 19, 1891, notice of appeal to this court was given, and a *supersedeas* bond was afterward executed and filed.  Respondents now bring to this court a certified copy of the judgment appealed from together with the notice of appeal and a copy of the *supersedeas* bond, and move the court to affirm the judgment appealed from, and for judgment in this court for the amount thereof, together with interest and costs, against appellant and its sureties on the said bond, for the amount of the judgment, and for damages caused by the delay, for the reason that appellant has failed to file with the clerk of this court a transcript of the case within the time prescribed by law.  And it appearing that the appellant had been duly served with notice of this motion, and that appellant has failed to prepare and file a transcript or make any effort whatever to perfect its appeal, and no excuse whatever being shown for such failure, respondent's motion will be allowed.  In the absence of any showing of actual damages, the only damages which can be allowed on a money judgment where it does not appear from the record that the appeal was taken for delay, will be interest on the judgment and costs.  The judgment of the lower court will therefore be affirmed, and judgment will be entered in this court in favor of respondents, and against appellant, and H. P. Bagley and J. W. George, its sureties on said *supersedeas* bond, to the amount of said judgment and costs, together with interest on said judgment and costs at the rate of ten per cent per annum from January 17, 1891, and for costs in this court.  And it is so ordered.

ANDERS, C. J., and STILES, HOYT and SCOTT, JJ., concur.